THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD E. CARBAUGH, JR., | : | |
| | : | |
| Plaintiff, | : | 3:24-CV-736 |
| | : | (JUDGE MARIANI) |
| v. | : | (Magistrate Judge Arbuckle) |
| | : | |
| CHARLES M. MILLER, et al., | : | |
| | : | |
| Defendants. | : | |

ORDER

AND NOW, THIS _2nd_ DAY OF JUNE, 2025, upon review of Magistrate Judge William Arbuckle's Report and Recommendation ("R&R") (Doc. 17) for clear error or manifest injustice,[1] **IT IS HEREBY ORDERED THAT:**

---

[1] If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3. Here, following the issuance of the R&R, Carbaugh filed a series of letters addressed to Judge Arbuckle reiterating his assertions of innocence and claims of wrongdoing by the defendants (Docs. 18-24). Plaintiff's filings are insufficient to rise to the level of one or more Objections to the R&R. Plaintiff's letters do not reference the R&R, nor do they set forth any statement or assertion which would alter the correctness of the pending R&R or affect this Court's review of the R&R. The Court thus need not engage in a *de novo* analysis. Nonetheless, upon review of the relevant documents, even if this Court applied a *de novo* review, the result would be the same.

1. The R&R (Doc. 17) is **ADOPTED** for the reasons set forth therein.[2]

2. Plaintiff's Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND** but without prejudice to filing a timely petition for writ of habeas corpus, pursuing a professional malpractice claim in state court, and pursuing a § 1983 malicious prosecution claim if and when appropriate.

3. The Clerk of Court is directed to **CLOSE** the above-captioned action.

Robert D. Mariani
United States District Judge

---

[2] The Court adopts the R&R in its entirety, with a narrow exception. At the time Judge Arbuckle issued the present R&R, he correctly noted that Carbaugh had not exhausted his state court remedies where his PCRA petition remained pending in the Superior Court of Pennsylvania and Carbaugh could therefore not yet file a § 2254 habeas petition. (See Doc. 17, at 9 n. 23). However, on January 6, 2025, the Superior Court affirmed the PCRA court's order denying Carbaugh's petition. See Commw. of Pa. v. Carbaugh, 2025 WL 31471 (Pa. Super. Ct. 2025). Where it does not appear that Carbaugh appealed this decision to the Pennsylvania Supreme Court, he has now exhausted his state court remedies for purposes of filing a federal habeas petition.